IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street, S.W., Suite 800<br>Washington, DC 20024,<br><br>        Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION<br>J. Edgar Hoover Building<br>935 Pennsylvania Avenue, NW<br>Washington, D.C. 20535-0001<br><br>        Defendant. | Civil Action No. |

**COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF**

Plaintiff Judicial Watch, Inc. brings this action against Defendant Federal Bureau of Investigation to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote integrity, transparency, and

accountability in government and fidelity to the rule of law. In furtherance of its public interest mission, Plaintiff regularly serves FOIA requests on federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4.  Defendant is an agency of the United States government and is headquartered at 935 Pennsylvania Avenue, NW, Washington, D.C. 20535-0001. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.  On May 3, 2010, Plaintiff sent a FOIA request to Defendant seeking access to:

   A.  Any and all records concerning, regarding, or relating to a deceased individual named Edward Moore "Ted" Kennedy. This individual was born on February 22, 1932 in Boston, Massachusetts and died on August 25, 2009. As part of this request, Judicial Watch requested that Defendant search its automated indices, its older general (manual) indices, and its Electronic Surveillance (ELSUR) Data Management System (EDMS).

   B.  Any and all records of communications, consultations, correspondence, or contacts of the Federal Bureau of Investigation with family members of Ted Kennedy, friends of Ted Kennedy, or advisors to the family members of Ted Kennedy concerning, regarding, or relating to the release of Ted Kennedy's "FBI File."

6.  The request was served by facsimile and certified U.S. mail. The request sent by facsimile was received by Defendant on May 3, 2010. According to U.S. Postal Service records, the request sent by certified mail was received by Defendant on May 6, 2010.

7.  Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to respond to Plaintiff's May 3, 2010 FOIA request within twenty (20) working days or by June 4, 2010.

8. On May 19, 2010, Defendant acknowledged receipt of Plaintiff's FOIA request by letter and assigned the request number 1147676-000.

9. By letter dated May 20, 2010, Defendant informed Plaintiff that responsive records had been processed and that they would be available on May 28, 2010 on the FBI's website, http://foia.fbi.gov/hottopics.

10. As of the date of this Complaint, Defendant has failed to produce any records responsive to Plaintiff's FOIA request or demonstrate that responsive records are exempt from production. Nor has Defendant indicated when or whether any responsive records will be produced.

11. Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its May 3, 2010 FOIA request, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA)

12. Plaintiff realleges paragraphs 1 through 11 as if fully stated herein.

13. Defendant has violated FOIA by failing to produce any and all non-exempt records responsive to Plaintiff's May 3, 2010 FOIA request within the time limit required by 5 U.S.C. § 552(a)(6)(A).

14. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for and produce any and all non-exempt records responsive to Plaintiff's May 3, 2010 FOIA request and a *Vaughn* index of allegedly exempt records responsive to the request by a date certain; (2) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the May 3, 2010 FOIA request; (3) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (4) grant Plaintiff such other relief as the Court deems just and proper.

Dated: June 9, 2010

Respectfully submitted,

JUDICIAL WATCH, INC.

Paul J. Orfanedes
D.C. Bar No. 429716
425 Third Street, S.W., Suite 800
Washington, DC  20024
(202) 646-5172

*Attorneys for Plaintiff*